UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURELLE SHADAYE DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>DAN DIZON et al.,<br><br>Defendants. | Case No.: 2:22-cv-00342-GMN-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF No. 1-1 |

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) and Plaintiff's Complaint (ECF No. 1-1).

**I.     *IN FORMA PAUPERIS* APPLICATION**

On February 23, 2022, Plaintiff, a non-inmate individual, filed an application to proceed *in forma pauperis*. ECF No. 1. Plaintiff's application to proceed *in forma pauperis* is granted.

**II.    SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *id*.).

Plaintiff brings a claim against Defendants Dan Dizon, Movie Deals, Jeff Bezo[s], Amazon Legal Department ("Amazon"), Holy Hip Hop Nation, LA Sound Machine Recording Studios, and

Walt Disney World. ECF No. 1-1 at 2. Plaintiff accuses Defendants Dizon, Holy Hip Hop Nation, and Movie Deals of stealing and selling his music since 2006 and accuses the remaining defendants of running a "ring/scam" to steal and sell Plaintiff's music. ECF No. 1-1 at 4. Plaintiff alleges that Defendants sold the stolen music in question without compensating Plaintiff and without his permission. *Id.* Plaintiff claims to own the relevant copy rights and the original CD copy of his music. *Id.* Plaintiff is asking for 4.2 million dollars in damages.

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with an explanation of the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Moreover, Fed. R. Civ. P. 8 requires each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citation and quotation marks omitted).

While the pending Complaint alleges diversity of citizenship, and therefore may, at least potentially, establish subject matter jurisdiction under 28 U.S.C. § 1332, Plaintiff fails to plead personal jurisdiction over all parties. Personal jurisdiction is established when "(1) provided for by law; and (2) the exercise of jurisdiction comports with due process." *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1290 (D. Nev. 2016) *citing Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). "When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state." *Id*. *citing Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where a state, such as Nevada, has a "long-arm" statute providing "jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment, a court need only address federal due process standards." *Id*. *citing Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509, 134 P.3d 710, 712 (2006) (citing Nev. Rev. Stat. § 14.065); *Boschetto*, 539

F.3d at 1015.  Under these standards, a defendant must generally have "certain minimum contacts" with the forum state before personal jurisdiction will be established.  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Personal jurisdiction over a party may be established through general or specific jurisdiction.  *Boschetto*, 539 F.3d at 1016; *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–414 (1984).

In this case, however, Plaintiff pleads no facts in support of Nevada's exercise of personal jurisdiction under either theory.  ECF No. 1-1.  Plaintiff fails to assert any facts alleging any party's relationship with the State of Nevada.  Plaintiff further fails to allege any event or transaction of any kind occurred in the State of Nevada.  Plaintiff alleges that Defendant Dizon, for example, is a citizen of California, *id.* at 3, and also states that "Dan Dizon use to be one of my producers in Torrance, California." *Id.* at 4.  Plaintiff alleges that Defendants Amazon, Jeff Bezos, and Movie Deals are incorporated in Washington with their personal place of business in Arizona. *Id.*

Plaintiff's Complaint also fails to allege facts sufficient to support a claim.  Plaintiff's statement of his claim is two sentences generally alleging some form of copyright infringement, but Plaintiff does not specify on what grounds he is entitled to relief.  In fact, on his Civil Cover Sheet, Plaintiff marked that he was bringing a "contract" action and "other statutory actions" but left the box for a "copyright" claim blank.  ECF No. 1-2.  Further, although Plaintiff describes a scheme in which Defendants conspired to steal and sell his music without paying Plaintiff, Plaintiff's Complaint fails to allege how each Defendant was involved in the alleged scheme, where these events took place, specific actions Plaintiff challenges, and the specific right or rights Plaintiff is asserting.  ECF No. 1-1 at 4.  The Complaint fails to provide Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Dura Pharms., Inc*, 544 U.S. at 346.

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

## IV. Recommendation

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1) be dismissed without prejudice with leave to amend.

IT IS FURTHER RECOMMENDED that if Plaintiff so chooses, he be allowed to file an amended complaint correcting the deficiencies no later than **April 4, 2022**. The amended complaint must include a short and plain statement describing all facts underlying the conduct that constitutes the violations of law Plaintiff alleges. Fed. R. Civ. P. 8(a)(2). Plaintiff must provide each Defendant with fair notice of what he claims, how that Defendant is responsible for the wrong alleged, and the basis for Plaintiff's entitlement to relief. In addition, Plaintiff must allege personal jurisdiction over each Defendant in his amended complaint in accordance with the above.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to file an amended complaint on or before **April 4, 2022**, this case will be subject to dismissal <u>without prejudice</u>. A dismissal without prejudice means Plaintiff does not give up the right to refile the case with the Court, under a new case number, when Plaintiff is able to file an amended complaint that states a claim upon which relief may be granted.

DATED THIS 4th day of March, 2022.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).